Duel v. Lamb.

---

DUEL *et al.*, overseers of the poor of the town of Sterling, appellants, v. LAMB.

*Pauper — liability of relative for support of.*

The court of sessions of Cayuga county, issued an order (under 1 R. S. 614, § 1, etc.) requiring a son to pay for the support of his father, a poor person. The father remained at the county poor-house, a time, for which the son paid. The son then, with the consent of the superintendent of the poor, took his father to his own house. The father remained with the son upward of a year, and then, without the son's knowledge or consent, left and went to the town of S. The son was ready at all times to receive his father and support him at home. The father did not return, but was supported by the town of S. until his death.

*Held*, that the son was not liable to the overseers of the poor of S. for the support of his father.

Where an order is made requiring a relative of a pauper to support him, and fixing a sum to be paid weekly, the relative may provide for the support of the pauper at such place, and in such manner, as he shall deem

proper, provided the place and manner are approved by the overseer, and it is not until he has neglected or refused to do this, that he is liable for the sum directed to be paid. *Converse* v. *McArthur*, 17 Barb. 410, followed.

APPEAL from a judgment in favor of defendant, at the Cayuga circuit, in a case tried before Mr. Justice DWIGHT, without a jury. The facts appear in the opinion.

*Rollin Tracy,* for appellants, cited 1 R. S. (Edm. ed.) 556, §§ 2, 3, 4, 5, 7 ; 3 id. 333, subd. 10 ; 3 id. 334, § 7 ; 1 id. 572, § 25 ; id. 567, § 6 ; *Stone* v. *Burgess,* 2 Lans. 439 ; S. C., 47 N. Y. 521; 1 R. S. (Edm. ed.) 566, § 2, and 568, § 13 ; 1 id. 573, § 29 ; *Walrod* v. *Bennett,* 6 Barb. 145 ; *Crosbie* v. *Leary,* 6 Bosw. 313 ; *Bridge* v. *Payson,* 5 Sandf. 210; *Paige* v. *Willett,* 38 N. Y. 28 ; *McDonald* v. *Christie,* 42 Barb. 39 ; *Paige* v. *Fazackerly,* 36 id. 392 ; *Embury* v. *Connor,* 3 N. Y. 511, 522, 523.

*Wood & Rathbun,* for respondents.

MULLIN, P. J. This action was brought to recover of the defendant for the support of Amasa Lamb, the father of the defendant, who was unable to support himself, at the rate of $5 per week, that the court of sessions of Cayuga county had ordered defendant to pay. The defense is, that, after the making of the order, the superintendent of the poor of said county had recovered judgment against said defendant for the support of said Amasa, and that such judgment was paid by defendant; that he then, with the consent of the superintendent, took said Amasa to his house, and supported him there for some two years; that Amasa then left and went into the town of Sterling, without defendant's knowledge or consent; that he (defendant) gave the overseers of the poor, of said town, $20 to return said Amasa to defendant's house; they did not return him, and defendant had been, at all times, ready and willing to receive and support said Amasa.

The order requiring defendant to support his father was made in November, 1866. At that time, the expense of supporting the poor in Cayuga county was a county charge. In November, 1868, the board of supervisors of said county revived the distinction between town and county poor, and it thereafter devolved on the town of Sterling to support its own poor. In June, 1871, the overseers of the poor of Sterling and the superintendents of the poor of said

county united in an application to the court of sessions of said county, for an order substituting said overseers in the place and stead of the superintendents, in the order requiring defendant to support his father, and an order making the substitution was granted.

The cause was tried at Cayuga circuit before the court, without a jury, and the court found the facts above mentioned, and that the town supported said Amasa from the time he left defendant's until his death; that pay therefor was demanded of defendant, and he refused to pay therefor, together with other facts not material to the questions arising on this appeal.

The court decided, as matter of law, that the defendant having taken his father to his own house after the distinction between town and county poor was revived in said county, and being willing and ready, at all times thereafter, to receive and support him, of which the overseer had notice, and, as the father left defendant's house without his fault or neglect, the defendant was not liable, and a judgment of nonsuit was ordered and entered, and from it the plaintiff appeals.

The appellant insists that the judge should have found certain facts, which were alleged in the complaint, material to the issue and not denied by the answer, and, because of such refusal, the judgment should be reversed. It is true, the facts to which the counsel refers are alleged in the complaint and are not directly denied in the answer; but the defendant sets up, as an affirmative defense, a state of facts antagonistic to those alleged in the complaint. On the trial, the witness proved the matters thus alleged without objection that an opposite state of facts was admitted because not denied by the answer.

It is too late now to insist that the allegations of the complaint thus controverted by the defendant were admitted. We must treat these allegations of the complaint as denied by the answer.

The appellants' counsel seems to consider the order of the sessions requiring defendant to support his father as entitling the superintendents or overseers of the poor to demand the allowance in money during all the time the order remained in force. Such is not the effect of the order.

And so long as he is ready and willing to support the pauper, in a manner satisfactory to the overseers, he is not liable for the money. This precise point was decided in *Converse* v. *McArthur*, 17 Barb.

410, 413. In the case cited the order of the sessions was, that the defendant take his mother to his own house and there provide for, maintain and support her, and in default to pay a weekly allowance. The appellants' counsel relies upon this provision of the order as distinguishing the case from the one before us, and seems to be of the opinion that the case cited was disposed of upon this provision of the order alone. In this he is mistaken. The court of sessions has no authority to prescribe the place or manner of support. Whatever power there is over that support is vested in the overseers or superintendents of the poor; the sessions can only declare the duty to support, and in default to fix the sum to be paid. So that the provision of the order does not distinguish the cases.

It is provided by section 7 of the act relating to the support of the poor, that, " if any relative who shall have been required by such order to relieve or maintain any poor person, shall neglect to do so in such manner as shall be approved by the overseers of the poor of the town where such poor person may be, and shall neglect to pay to such overseers, weekly, the sum prescribed by the court, they may maintain an action," etc., " and shall recover therein the sum so prescribed by the said court for every week said order shall have been disobeyed."

When an order is made requiring a relative of a person to support him, and fixing a sum to be paid weekly, the relative may provide for the support of the pauper, at such place and in such manner as he shall deem proper, provided the place and manner are approved by the overseer, and it is not until he has neglected or refused to do this that he is liable for the sum directed to be paid.

The right of the relative to determine the place and manner of support is unrestricted, except they must be such as the overseers or the superintendent approve.

The learned judge was right in holding that the defendant was not liable for the weekly allowance while he was ready and willing to support his father in his own house, and that if the father left without any fault on the part of the defendant, and the defendant was ready and willing to receive him back and support him, his duty, under the order, was fully discharged. This point was also decided in *Converse* v. *McArthur, supra.* If notice to the overseer that defendant's father had left his house without his fault, and of his (defendant's) willingness to receive him back and support him, was necessary in order to relieve defendant from liability thereafter

for the father's support, it is not proved. Notice to one of the superintendents, after the distinction between town and county poor was revived, was not notice to the overseer of Sterling.

But notice was not necessary after defendant had received his father into his house in obedience to the order. If the father left without his (defendant's) default or misconduct, and he was ready and willing to receive and support him, the overseers were obliged to return him or assume the burden of this support. *Converse* v. *McArthur, supra.*

The judgment must be affirmed. So ordered.